Eastern District of Kentucky
FILED

JUL 07 2023

AT ASHLAND
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CRIMINAL ACTION NO. 23-9-DLB**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**JONATHAN WHITT** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The Defendant will also admit to the forfeiture allegation in the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move the Court at sentencing to dismiss the remaining counts of the Indictment.

2. The essential elements of Count 1 are as follows:

(a) The Defendant employed, used, persuaded, induced, enticed and coerced the minor Victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

(b) The Defendant knew that the visual depiction(s) he persuaded, induced, enticed and coerced the minor victim to create were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

RAH
JMW

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On May 8, 2022, law enforcement initiated a child sexual abuse investigation initiated against the Defendant's brother. As a result of this investigation, the Defendant's brother's computer was seized and searched by law enforcement. During this process, the forensic examiner discovered that Johnathan Whitt had, at one point, backed up his cell phone to his brother's computer. In the back-up, police located an image of a minor female touching the penis of an adult male while straddling his chest. The minor female depicted in the images was identified and interviewed.

(b) The minor female stated that she had a sexual relationship with the Defendant when she was approximately 13-16 years of age. The victim confirmed that the image located was of her and stated that the Defendant took the image while they were engaged in sexual activity many years ago when she was a minor. The image was taken in Boyd County, in the Eastern District of Kentucky in 2011. The victim stated that the Defendant took other sexually explicit images of her during their relationship from approximately 2011 through 2013, including an image of her performing oral sex on the Defendant. Also located on the phone back-up were text messages confirming that the Defendant had a romantic relationship with the minor female at a time when he was in his early 20s and she was 14 and 15 years of age. In these messages, the Defendant entices the minor victim to engage in sexual conduct.

(c) Law enforcement in Ashland, Kentucky then learned of a separate investigation involving the Defendant being conducted by Homeland Security Investigations (HSI) and the Kentucky State Police Electronic Crimes Branch (KSP). The HSI/KSP investigation was initiated after it was discovered that the Defendant had been joining online groups for the purpose of exchanging child sexual abuse material. In one of these online groups, the Defendant sent a link to a photo album that contained hundreds of images and videos of child sexual abuse material. A search warrant was obtained by KSP on June 3, 2021, and the Defendant's phone was seized. Through subsequent examination, it was found to contain child sexual abuse material.

(d) The Defendant was interviewed as part of the HSI/KSP investigation. He admitted to joining online groups for the purpose of trading images of child



RAH
JNW

pornography. As part of this conduct, the Defendant admitted to having distributed a link to an online storage folder of child pornography images. The Defendant also admitted to having a secure folder on his cellular phone that contained images of child pornography. The Defendant denied having sexual contact with any minors and was not questioned about the sexual contact with the Minor Victim described in (a)-(b) of this paragraph because they were unaware of this information at the time of the interview.

(e) The Defendant admits that he took sexually explicit images of Victim 1 during the timeframe alleged in the Indictment. The Defendant admits that, at the time he produced visual depictions of the then minor victim, he knew he was producing sexually explicit material. Finally, the Defendant admits the cellular phone used to produce the images and video were manufactured, in whole or part, outside the Commonwealth of Kentucky and, therefore, traveled in interstate or foreign commerce prior to being used by the Defendant to commit the offense to which the Defendant is pleading guilty.

4. The statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $ 250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. § 2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense.





5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range. The U.S.S.G., August 1, 2021, manual guidelines are as follows:

(b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(c) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 2 levels because the offense involved a minor who had attained the age of 12 but had not attained the age of 16.

(d) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

(e) Pursuant to U.S.S.G. § 2G2.1(b)(5), increase the offense level by 2 levels because the Defendant was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the Defendant.

(f) Pursuant to U.S.S.G. § 4B1.5(b), add 5 levels to the offense level because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(h) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that any identified minor depicted in child sexual exploitation material produced, possessed, distributed, or received by the Defendant will be entitled to restitution pursuant to this Plea Agreement and will have all rights conferred to victims,



JMW

including allocution, even if they are not victims of the counts of conviction in this matter.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant agrees to pay restitution in the amount and to the victims as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include for all losses caused by the Defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Part K.

9. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant consents to the administrative forfeiture to the United States of the electronic equipment listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture, including but not limited to the FBI's Consent to Forfeiture and Waiver of Timely Notice form. The Defendant voluntarily waives any and all provisions set forth in 18 U.S.C. § 983, regarding notice and/or the timing of the administrative forfeiture, and all constitutional, legal, or equitable claims arising out of the seizure and forfeiture of this property.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of the execution of this plea agreement, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held

or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or

agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the

Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 7/7/23 By: [signature] for
Erin M. Roth

Assistant United States Attorney

Date: 7/7/23

Jonathan Whitt
Defendant

Date: 7/7/23

Richard Hughes
Attorney for Defendant